■ In the Matter of GEORGE BINGHAM et al., Appellants, v TOWN BOARD OF THE TOWN OF BURLINGTON et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Lee, Jr., J.), entered June 7, 1983 in Otsego County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Town Board of the Town of Burlington approving Allen R. Williams' request for a license to operate a junk yard. ¶ On September 17, 1982, respondent Allen R. Williams, a licensed New York State automobile dismantler (Vehicle and Traffic Law, § 415-a), was served with an appearance ticket and criminal information in connection with a charge of operating and maintaining an unlicensed junk yard. The criminal proceeding was adjourned pending an application to the

Town of Burlington for a junk yard license pursuant to section 136 of the General Municipal Law. Thereafter, following a duly noticed meeting at which numerous proponents and opponents were heard, the town board granted Williams a junk yard license. Petitioners commenced this CPLR article 78 proceeding seeking a declaration that the junk yard license was a nullity. Special Term dismissed the proceeding on the ground of mootness "with leave to renew if the petitioners be so advised". This appeal by petitioners ensued.
¶ A town is a creature of the Legislature and may not act in excess of the powers conferred upon it by statute (*People v Scott,* 26 NY2d 286, 289). Subdivision 11 of section 136 of the General Municipal Law provides, in pertinent part, that, *"Before use,* a new junk yard shall be *completely surrounded with a fence* at least eight feet in height" (emphasis added). As Special Term noted in its decision, the pleadings and papers submitted indicate that the license issued in November, 1982 should have been conditioned upon compliance with the fencing requirements set forth in the statute. The subject junk yard license was unconditional in its terms, and, accordingly, was in violation of subdivision 11 of section 136 of the General Municipal Law. Further, since the subject license was renewed on April 1, 1983 while the fencing requirements of the statute were still unmet, the renewal of the license violated subdivision 9 of section 136 of the General Municipal Law, which provides for license renewal without hearing "provided all provisions of this chapter are complied with during the license period". Contrary to respondents' contention, no presumption of regularity vests in the renewed license such as to moot the issue before Special Term. An appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). Here, since the area was not completely fenced either at the time of the issuance to petitioners of the junk yard license on November 18, 1982 or at the time of renewal on April 1, 1983, the rights of the parties will be affected by the determination of the appeal. Thus, there continues to exist a timely and justiciable controversy between the parties. Accordingly, we convert this CPLR article 78 proceeding into an action seeking declaratory relief (see CPLR 103, subd [c]; *Group House v Board of Zoning & Appeals,* 45 NY2d 266, 271) and grant the petition.
¶ Judgment reversed, on the law, with costs, to the extent of converting this CPLR article 78 proceeding into an action seeking declaratory relief, and directing that judgment be entered in favor of petitioners declaring that the junk yard license issued November 18, 1982 and renewed April 1, 1983 is a nullity. Mahoney, P. J., Casey, Weiss and Mikoll, JJ., concur.

Kane, J., dissents in the following memorandum. Kane, J. (dissenting). The matter under review concerns an original junk yard license issued November 18, 1982, which by its terms expired March 31, 1983. Apparently, that license was improperly issued because of a failure to comply with certain requirements of the General Municipal Law. However, since the license had expired, Special Term was, in my view, correct in dismissing the petition as it related to that license. ¶ It seems that a new license was issued April 1, 1983, and Special Term concluded that there was an open question as to whether there had been compliance with statutory requirements to sustain the issuance of the new license and granted petitioners leave to renew their application. The record demonstrates a genuine dispute on the issue of compliance. Accordingly, rather than require petitioners to renew their application, I would remit the matter to Special Term for trial of the issue of fact raised (CPLR 7804, subd [h]).